UNITED STATES v. NEW YORK HERALD CO.

(Circuit Court, S. D. New York. January 21, 1907.)

1. POST OFFICE—NONMAILABLE MATTER—CORPORATIONS.

   A corporation has capacity to commit the crime of mailing obscene, nonmailable matter, prohibited by Rev. St. § 3893, as amended [U. S. Comp. St. 1901, p. 2658].

   [Ed. Note.—Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

2. SAME—KNOWLEDGE.

   Rev. St. § 3893, as amended [U. S. Comp. St. 1901, p. 2658], describes certain nonmailable matter, and provides that any person who shall knowingly deposit, or cause to be deposited for mailing or delivery, anything declared by the section to be nonmailable, shall for each offense be fined, on conviction, or imprisoned at hard labor or both, etc. Held, that such section was applicable to a corporation organized for the purpose of publishing a newspaper, and that proof of the mailing by such corporation of its newspaper, containing obnoxious matter, was sufficient to show that the corporation had knowledge thereof.

At Law. On demurrer to indictment of defendant corporation under Rev. St. § 3893, as amended [U. S. Comp. St. 1901, p. 2658].

Mr. Rand, for demurrer.

Mr. Wise, opposed.

HOUGH, District Judge. 1. As to the capacity of a corporation to commit the crime alleged in this indictment, I see no reason to de-

part from United States v. MacAndrews & Forbes Company (C. C.) 149 Fed. 823.

2. Under Rev. St. § 3893, as amended [U. S. Comp. St. 1901, p. 2658], the indictment alleges that the corporation defendant "did knowingly deposit and cause to be deposited" in the United States mail certain unmailable matter, and that when such deposit was made the corporation "well knew the contents of the same." The question presented on demurrer is not whether the corporation did as matter of fact "knowingly" deposit the publication in the mail, or as matter of fact "well know" the contents of the same, but whether it can knowingly deposit, and well know the contents of, an obscene newspaper. Reading the act under which this indictment is brought in conjunction with the statutory construction law (Rev. St. U. S. § 1 [U. S. Comp. St. 1901, p. 3]), and observing that the act in question was passed subsequent to February 25, 1871, I have no doubt that it was the intention of Congress to make section 3893 applicable to corporations.

Taking as the measure of the knowledge required in cases like this the decisions in Rosen v. U. S., 161 U. S. 29, 16 Sup. Ct. 434, 40 L. Ed. 606, and Dunlop v. United States, 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799, it is not to be doubted that, if by corporate act (e. g., a vote of the board of directors) the obnoxious publication was directed to be placed in the mail, knowledge of its contents and knowledge of the character thereof would be chargeable against the corporation, even though there was a concensus of opinion on the part of the directors that the paper was not of the forbidden character (the Rosen Case); it being enough that said directors in their official capacity were aware of the insertion in the newspaper of matter obnoxious (in the opinion of court and jury) to the statute (the Dunlop Case). To fasten this species of knowledge upon a corporation requires no other or different kind of legal inference than has long been used to justify punitive damages in cases of tort against an incorporated defendant. If a corporation can corporately know that an engineer is a habitual drunkard (Cleghorn v. N. Y. Central, etc., R. R. Co., 56 N. Y. 44, 15 Am. Rep. 375), it can even more surely know the ordinary contents of a newspaper the publication of which is its sole reason for existence.

Of course, the capacity for knowledge and the fact of knowledge are quite different things. The first is a question of law, and must decide this demurrer. The second is a mixed question of law and fact. and, as applied to this case, its answer will depend upon the authority and corporate importance of the human beings responsible to the corporation for the reception, publication, and mailing of the advertisements here complained of as unmailable under the statute.

Let the demurrer be overruled.